# CHARLESTON.

FRED E. DANKMER *v.* WHEELING PRINTING COMPANY *et als.*

(No. 5773)

Submitted January 18, 1927. Decided January 25, 1927.

1.    BILLS AND NOTES—*Notice of Dishonor is Not Required to be Given Indorser For Whose Accommodation Instrument Was Made or Accepted (Code, c. 98a, §§ 80, 115, 152).*

     Under our negotiable instrument law, notice of dishonor is not required to be given to an indorser where the instrument

was made or accepted for his accommodation, for in such case, although indorser on a note, if the note was made or accepted for his benefit he will be treated as a maker thereof. (p. 42).

(Bills and Notes, 8 C. J. § 447.)

2.   SAME—*In Action on Note, Excluding Competent Evidence That Instrument Was Made or Accepted For Accommodation of Indorser is Error.*

It is error for the court to refuse competent evidence intended to establish such relationship on the part of an indorser.   (p. 43).

(Evidence, 22 C. J. § 1642.)

(NOTE:   Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Marshall County.

Action by Fred E. Dankmer against the Wheeling Printing Company and others.   Verdict was directed for plaintiff against the named defendant and for each individual defendant, and plaintiff brings error.

*Judgment reversed; verdict set aside; new trial awarded.*

*Martin Brown,* and *McCamic & Clarke,* for plaintiff in error.

*Frank A. O'Brien* and *D. B. Evans,* for defendants in error.

WOODS, JUDGE:

This is an action in assumpsit against Wheeling Printing Company, a corporation, F. D. Walton and Fred Ninness, as joint makers of a certain negotiable promissory note.   The circuit court directed a verdict for plaintiff against the defendant corporation, and a verdict for each of the individual defendants.   Plaintiff prosecutes this writ.

The declaration, after setting out the common counts, contains the following: "and in the like sum for money due on a certain negotiable promissory note, dated Wheeling, West Virginia, March 5, 1923, calling for the sum of Six Thousand Thirty-two ($6,032.00) Dollars, payable six months after date to the order of the plaintiff, with interest at six per cent., for value received, which said sum of money by the terms of said note the said defendants promised to pay to the plaintiff at

the office of the Wheeling Printing Company, at Wheeling, West Virginia, which said note was made and signed by the said defendant, Wheeling Printing Company, on the face thereof, and the said defendant, F. D. Walton and Fred Ninness, on the back thereof, and which said note was delivered to the said plaintiff by the said defendants.'' The plaintiff's theory of the case, as clearly appears from the declaration, and the evidence introduced and proffered in support thereof, is that said note was given by the three defendants as joint makers. He sought to reveal the fact that the note was given to reimburse him, as a representative for himself, his mother, his sister and another, for amounts of money (totaling the face of the note) expended by them for worthless stock in the Progressive Publishers, Inc. (now a defunct corporation), which stock was sold to them upon the fraudulent representations of defendant Fred Ninness and the president of the defendant corporation (formerly an officer in said Progressive Publishers, Inc.); that a special grand jury had been summoned to investigate into certain fraudulent transactions and dealings of said Progressive Publishers, Inc.; that the note sued on was given to him before he went before said special grand jury; that Walton, one of the indorsers, at the time of making said note said (possibly in the presence of the other indorser), ''We are going to make you safe''; that the said individual defendants, Walton and Ninness, were interested in warding off possible prosecution of the president of the said defendant company in regard to his transactions and dealings as an officer of said Progressive Publishers, Inc.; that all being interested in the matters for which the note was given, they were all liable on said note as makers thereof; that even as indorsers their relationship to the transaction would not entitle them to notice of protest.

After all the evidence was in, the circuit court, on motion by the defendants, excluded all of plaintiff's evidence relating to fraudulent sales and the worthlessness of said stock. To this ruling the plaintiff excepted, for by said excluded evidence he sought to show that defendants Walton and Ninness had signed in the capacity of makers, since the note was for their own accommodation. This evidence was excluded by the

court on the theory that Walton and Ninness were indorsers, and, the note being negotiable, it was not shown that it was presented for payment at the place of payment, when due, and due notice given to the indorsers, of such presentment and of its dishonor by non-payment. Code, Chapter 98A, §152. The excluded evidence, however, was based on the right of the plaintiff to show in what capacity the defendants Walton and Ninness had signed.

The Negotiable Instrument Law contains the following provisions: "Presentment for payment is not required in order to charge an indorser where the instrument was made or accepted for his accommodation, and he has no reason to expect that the instrument will be paid if presented "(Section 80), and "Notice of dishonor is not required to be given to an indorser * * * where the instrument was made or accepted for his accommodation" (Section 115). In such case, although indorsers on the note, if the note was made or accepted for the benefit of Walton and Ninness, they will be treated as makers thereof, for the reason, that an indorser for whose accommodation a loan is made, and who on the dishonor of the note is not entitled to due presentment and notice of protest, is one whose real relation to the maker is that of the primary debtor—the proper party to pay the note. He steps in the shoes of the ostensible maker. *Bank* v. *Schmidt,* 168 Mo. App. 153. The plaintiff should have been permitted to show this, if he could, by competent evidence. This evidence is admissible under a declaration, as here, charging all defendants to be makers. The rejected evidence, both admitted and proffered, was at least sufficient to carry to the jury the question whether Walton and Ninness were not the ones really accommodated by tht execution of the note, and who had no expectation that the same, if presented, would be paid—thus placing them in the status of co-makers of the paper. The jury were entitled to weigh the transaction under the circumstances and respond to the issue thus raised. It was therefore error for the court to direct a verdict for the defendants Walton and Ninness, and the judgment as to them must be set aside and a new trial awarded plaintiff.

*Judgment reversed; verdict set aside; new trial awarded.*